BOARD OF COUNTY COMMISSIONERS OF
HOWARD COUNTY ET AL. *v.* MARK
CLINTON FLEMING, JOHN
LEROY WARNER AND
WILLIAM IRVIN
BRIGHTWELL

[Nos. 104, 105 and 106, September Term, 1971.]

*Decided October 26, 1971.*

262

The cause was argued before ORTH, POWERS and GIL-BERT, JJ.

*R. Roger Drechsler,* with whom were *Lord, Whip, Coughlan & Green* on the brief, for appellants.

*Murray I. Resnick,* with whom were *Carl Berenholtz* and *Berenholtz, Kaplan & Heyman* on the brief, for appellees.

GILBERT, J., delivered the opinion of the Court.

All three of these appeals were filed by the Board of County Commissioners of Howard County, employer, and American and Foreign Insurance Company, insurer, from a judgment of the Superior Court of Baltimore City (Prendergast, J.) affirming decisions of the Workmen's Compensation Commission which held that appellees were covered by the provisions of the Workmen's Compensation Act. All three appeals are identical (except as to the nature of the injuries) and involve the same facts

and question of law. We shall, therefore, treat them as one.

The sole question presented is whether or not the appellees should be afforded coverage under the provisions of § 34 of Article 101.

The three appellees, volunteer firemen, were watching a telecast of a baseball game on Sunday, July 20, 1969, at approximately 6:15 p.m. In response to an alarm, they boarded a fire engine and started toward the scene of a barn fire. Enroute, the fire vehicle skidded on mud at the intersection of Forsythe Road and Old Frederick Road and struck a tree. All of the appellees sustained injuries. Thereafter, they filed claims with the Workmen's Compensation Commission. Appellants contested the claims on the basis hereinafter stated.

Appellants argue that subsection (c) of Section 34 of Article 101, in effect at the time of the accident, precludes appellees from an award by the Commission, and that the trial judge misconstrued the legislative intent when he upheld the Commission's findings. The provision of the Act relied upon by appellants to support their position is:

\* \* \*

"(c) \* \* \* The county commissioners of Kent County and Howard County shall secure compensation to volunteer firemen in case of death, or to their dependents by insuring the payment of such compensation in the State Accident Fund·or in any private stock corporation or mutual association authorized to provide such insurance. The County Commissioners of Prince George's County and the County Council of Anne Arundel County shall secure compensation to volunteer firemen, or to their dependents in case of death, \* \* \*."

The appellants earnestly contend that the wording in the statute clearly manifests an intention of the legislature to distinguish the coverage provided to volunteer fire-

men in Howard County from that granted to those in Prince George's and Anne Arundel Counties. They state that in Howard County a volunteer fireman's dependents may recover in the event of the fireman's death, but the fireman may not assert a claim for injuries. This is so, they say, because subsection (c) distinguishes Howard County from Prince George's and Anne Arundel Counties. In Prince George's and Anne Arundel Counties there is no question but that compensation is payable to the firemen for accidental injuries. However, appellants maintain that the language of the statute is more restrictive in its application to Howard County, and the coverage extended is less encompassing.

We are called upon to construe § 34, Art. 101. In *Pineland Lumber Co. v. Miles,* 228 Md. 584, 587-588 (1962), the Court of Appeals said:

> "The cardinal rule of statutory interpretation is that the intent of the legislature is to be sought in the first instance from the words used in the statute, and where there is no ambiguity or obscurity in the statute, the words used are conclusively presumed to embody the meaning of the legislature in enacting the statute." See also *Board of Supervisors v. Weiss,* 217 Md. 133, 141 A. 2d 734; *McKeon v. State, Use of Conrad,* 211 Md. 437, 127 A. 2d 635; *State Tax Commission v. C. & P. Telephone Co.,* 193 Md. 222, 66 A. 2d 477; *Height v. State,* 225 Md. 251 (1961) ; *Subsequent Injury Fund v. Chapman,* 11 Md. App. 369 (1971).

Subsection (c) of Section 34 of Article 101 provides that the county commissioners of Howard County *"shall secure compensation to volunteer firemen in case of death, or to their dependents * * *."* (Emphasis supplied). Obviously, compensation could not be payable to the volunteer firemen in the event of their death, but would be payable to the deceased fireman's dependents. If the legislature had meant to provide, as appellants contend, that

compensation would be paid only to the dependents of volunteer firemen in the event of the death of the firemen, then there would have been no need for it to have inserted the conjunction "or", which denotes an alternative. If appellants' interpretation of the statute is correct, there is no alternative. What then was the legislative intent when the legislature adopted subsection (c)? In order to ascertain the intent of the General Assembly when it enacted subsection (c) providing coverage for the volunteer firemen of Howard County, we must look to the legislative history of § 34, Art. 101.[1] The pertinent parts of Section 34 of Article 101, in effect on the date of the accident of July 20, 1969, provided:

> "(a) Volunteer firemen and members of rescue squads deemed workmen and engaged in extra-hazardous employment — Caroline, Kent, Howard and Anne Arundel Counties. — *All members of all volunteer fire companies in* Caroline, Kent, *Howard* and Anne Arundel counties, and all members of all rescue squads in Caroline, Kent and Anne Arundel counties, *while going to or returning from or fighting a fire or while engaged as a member of any ambulance, first aid or rescue squad created within such fire companies shall be deemed workmen for wages and engaged in extra-hazardous employment within the meaning of this article.* (Emphasis supplied).
>
> * * *
>
> "(b) Wages, salary, etc., upon which compensation based. — *Compensation for injury or death shall be based upon the salary or wages received by a volunteer fireman in his private employment. Any volunteer fireman whose income is derived from any source other than*

---

1. "There are occasions, of course, when a court cannot fully understand the purpose of a statute without increasing its knowledge of the conditions which gave it birth." Archibald Cox: *"Judge Learned Hand and the Interpretation of Statutes."* 60 Har. L.R. 1947.

*salary or wages shall be entitled to the maximum compensation for injury or, in the case of death, his dependents shall be entitled to the maximum compensation for death;* provided, however, that where any volunteer fireman is not actively engaged in a business enterprise at the time of his injury or death, compensation for injury or death shall be paid upon the basis of the weekly income last received by him when so engaged, and further provided, that if such fireman has never been engaged in a business enterprise, compensation for injury or death shall be the minimum compensation authorized by this article. (Emphasis supplied).

\* \* \*

"(c) Insurance; tax; limitation on size of companies and rescue squads. — The county commissioners of Kent County and Howard County shall secure compensation to volunteer firemen in case of death, or to their dependents by insuring the payment of such compensation in the State Accident Fund or in any private stock corporation or mutual association authorized to provide such insurance. The County Commissioners of Prince George's County and the County Council of Anne Arundel County shall secure compensation to volunteer firemen, or to their dependents in case of death, by insuring the payment of such compensation in the State Accident Fund or in any private stock company or mutual association licensed to provide such insurance. The County Commissioners of Kent County shall annually levy upon the assessable property of Kent County a tax sufficient to pay for such insurance. The County Commissioners of Howard County shall annually levy upon the assessable property of Howard County a tax sufficient to pay for such insurance.

\* \* \*

"(d) Carroll County. — In Carroll County any volunteer fire company may elect to have its members and/or its employees considered as workmen for wages under the provisions of this article and the company so electing shall provide for payments of premiums on behalf of its members to be covered by this article."

The concept of relief for volunteer firemen injured in the course of their benevolent efforts on behalf of their fellow men first appeared in Chapter 805 of the Acts of 1945, and provided coverage for volunteer firemen of Kent County only. At that time Chapter 805 was codified as § 46 (a) of Article 101. In 1957, Article 101 was changed and the section dealing with volunteer firemen became § 34. Howard County was added to the provisions of § 34 by Chapter 283 of the Acts of 1959. Subsequently the section was amended to include Prince George's County in 1961. Chapter 627 of the Acts of 1963 is significant for what it attempted to do. The title of the Bill as originally introduced read: [2] "* * * for editorial correction of the Section as it applies to * * * Howard County * * *" but was amended to relate only to Workmen's Compensation for volunteer firemen in Prince George's County. The original Bill would have modified the wording in subsection (c) so that the phrase "in case of death" would follow "or to their dependents." However, this language was deleted and new wording was added recreating the original, together with a new sentence covering Prince George's County, and placing the phrase "in case of death" behind the phrase "or to their dependents" in that added sentence concerning Prince George's County. In 1965, Carroll County was added to the coverage and by Chapter 316 of the Acts of 1966 all Carroll County firemen, whether paid employees or volunteers, were allowed to elect whether or not they desired to be considered workmen for wages under the compensation law. Anne Arundel County was brought under the

2. House Bill 660.

purview of Section 34 by Chapter 189 of the Acts of 1967.

In order to garner the legislative intent, we must read and consider § 34 as an entirety and not just subsection (c). *State v. Petrushansky,* 183 Md. 67, 36 A. 2d 533 (1944) ; *Height v. State, supra, Subsequent Injury Fund v. Chapman, supra.*

In *Johnson v. United States,* 163 Fed. 30, 32, Mr. Justice Holmes, sitting as a circuit judge, said:

> "*The Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed.* The major premise of the conclusion expressed in a statute, the change of policy that induces the enactment, may not be set out in terms, but it is not an adequate discharge of duty for the courts to say: We see what you are driving at, but you have not said it, and therefore we shall go on as before." (Emphasis supplied).

To hold that the volunteer firemen of Howard County are not entitled to compensation for accidental injuries and that it was intended by the legislature that only death benefits be payable would completely nullify the provisions of subsection (b), Section 34, and do violence to the rule of *Johnson, supra.*

Subsection (b) provides that compensation shall be paid "* * * for injury or death" — not just death benefits—and further provides a basis for determining the wages or salary upon which the compensation is based. If compensation to volunteer firemen was not to be covered by § 34, there would have been no need to distinguish between compensation to volunteer firemen and their dependents as in subsection (b).

The 1970 session of the legislature amended subsection (c), § 34, Article 101, by an emergency measure effective May 5, 1970.[3] This amendment removed the am-

---

3. Chapter 636, Acts of 1970.

biguity surrounding subsection (c) which existed at the time of the accident to the appellees. The 1970 amendment provides in part:

"The county commissioners of Kent County and County Council of Howard County shall secure compensation to volunteer firemen or to their dependents in case of death * * *."

Appellants argue that this action by the General Assembly is clearly indicative "that the restrictive benefits in effect [at the time of the accident, July 20, 1969] were recognized by the Legislature and corrected at the first opportunity within which the Legislature could act." We do not so interpret the legislature's passage of the amendment. In addition to changing the wording from "the County Commissioners of Howard County" to "County Council of Howard County",[4] we believe that the legislature did no more than recognize that the Act in effect on July 20, 1969 was patently ambiguous, and they took immediate corrective measures to remove the cloud of uncertainty.

The Workmen's Compensation Act is to be as liberally construed in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes, *Bethlehem-Sparrows Point Shipyard v. Hempfield*, 206 Md. 589 (1955), and the rule relative to strict construction of statutes in derogation of the common law does not apply to the Workmen's Compensation Act. *A. G. Crunkleton Electric Co., Inc. v. Barkdoll*, 227 Md. 364 (1962).

Our review of the case law, legislative history of § 34 of Article 101, and the rule as stated in *Subsequent Injury Fund v. Chapman, supra:* "* * * that where there is ambiguity in the compensation law the uncertainty should be resolved in favor of the claimant * * *" leads us to conclude that Judge Prendergast correctly affirmed

---

4. The voters of Howard County adopted a charter form of government with a County Council and County Executive in lieu of the County Commissioner system on Nov. 5, 1968.

270

the decisions of the Workmen's Compensation Commission awarding compensation to the appellees.

We think the overall policy of the statute supplies the answer to the legislative intent.

> *Judgment in appeals Nos. 104, 105 and 106 affirmed.*
> *Costs to be paid by the appellants.*