## DEMORY BROTHERS, INC. ET AL. *v.* BOARD OF PUBLIC WORKS OF MARYLAND ET AL.

[No. 535, September Term, 1973.]

*Decided March 13, 1974.*

468

The cause was argued before THOMPSON, GILBERT and MOORE, JJ.

*Herman M. Braude*, with whom were *Gary L. Brooks* and *Sadur, Pelland, Braude & Caplan* on the brief, for appellants.

*David C. Hjortsberg, Assistant Attorney General*, with whom was *Francis B. Burch, Attorney General*, on the brief, for appellees.

GILBERT, J., delivered the opinion of the Court.

In this appeal we are called upon to decide whether Md. Ann. Code Art. 100, § 96 (generally referred to as the "Prevailing Wage Law") is applicable to public school construction. Necessary to a determination of the basic question is the resolution of three interrelated issues, *i.e.*, whether the funds expended by the county (1) for land acquisition, (2) for salaries paid to building inspectors, and (3) for the costs of building permits, are sums used for the "construction of public works" within the meaning of the Code.

The "Prevailing Wage Law" was enacted by Laws of 1969, ch. 558, § 1, effective July 1, 1970. It has been twice amended [1] with the last amendment occurring in 1971. Md. Ann. Code Art. 100, § 96 now provides in pertinent part:

"(b) *'Construction'* includes all construction, reconstruction, improvement, enlargement, painting and decorating, alteration, maintenance or repair.

(c) *'Public works'* includes all buildings, bridges, roads, streets, alleys, ditches, sewage disposal plants, waterworks, and all other structures or works, constructed for public use or benefit or paid for wholly or in part out of public funds, except work done by any public utility company pursuant to order of the Public Service Commission or other public authority, whether or not done under public supervision or direction or paid for wholly or in part out of public funds, unless let to contract provided, however, that for the purposes of this subtitle contracts of less than $500,000 shall be excluded.

(d) (1) *'Public body' means the State or any department, officer, board, commission, agency or instrumentality of the State, and shall include any other agency, political subdivision, corporation, person or entity of whatever nature when State public funds are the only funds used for the construction of a particular public works,* but, except when made applicable pursuant to the provisions of paragraph (2) of this subsection, this term shall not mean any State agency or

---

1. Laws of 1970, chs. 263 & 293, both effective July 1, 1970 and Laws of 1971, ch. 220, effective July 1, 1971. The latter amendment re-wrote subsection (d). That subsection formerly provided:

"(d) 'Public body' means the State or any department, officer, board, commission, or agency of the State, but this term shall not mean any State agency funded primarily from sources other than the State, nor shall it mean any county or municipal corporation, or any department, officer, board, commission, or agency thereof."

instrumentality funded wholly from sources other than the State, nor shall it mean any county or municipal corporation, or any department, officer, board, commission, or agency thereof, when funds other than State funds are used either in whole or in part for the construction of public works.

(2) The governing body of any political subdivision of this State may provide by resolution or ordinance that the political subdivision shall be covered by this subtitle and included within the scope of its provisions and any such political subdivision shall constitute a 'public body' within the meaning of this subtitle when the commissioner is notified in writing by the governing body that such action has been taken." (Emphasis supplied).

The case before us was tried before Judge Ralph W. Powers in the Circuit Court for Prince George's County on stipulated facts. On July 12, 1972 the Board of Education for Prince George's County issued an invitation to bid for construction of additions and alterations for a school in Prince George's County known as Eugene Burroughs Junior High School. Initially the invitation to bid did not contain any reference to the "Prevailing Wage Law". Approximately one month later the Board of Education issued an addendum to the bid documents. The addendum required bidders to bid both with reference to the prevailing wage rates and without reference to such rates. Five contractors submitted bids. Demory Brothers, Inc., which is engaged in building and construction in Prince George's County and elsewhere, submitted the low "base bid", without regard to the prevailing wage rate, in the amount of $1,090,500.00. Demory's second "base bid", using the prevailing wage rate, was $1,155,930.00. A bid made by Gardiner and Gardiner, Inc. in the amount of $1,103,000.00 was the lowest "base bid" under the prevailing wage rate. Demory's "base bid" without regard to the prevailing wage law was $12,500.00 lower than Gardiner's "base bid" with the prevailing wage rate. Inasmuch as Gardiner's "base bid"

under the prevailing wage law was $52,930.00 lower than that of Demory, the contract was awarded to Gardiner.

Prior to awarding the bid to Gardiner, the Board of Education had requested the Interagency Committee For State Public School Construction [2] to approve the award of the contract to Demory on the basis of Demory's bid exclusive of the prevailing wage law. The Interagency Committee rejected the request. Thereafter, the Board of Education sought and obtained permission to award the contract to Gardiner. Prince George's County has not invoked the authority conferred upon it by Md. Ann. Code Art. 100, § 96(d) (2), and they have not by "resolution or ordinance" elected to be covered by the prevailing wage law. Consequently, if the subject matter of this case is within the scope of the prevailing wage law it is by virtue of Md. Ann. Code Art. 100, § 96 (d) (1).

Demory, together with the Metropolitan Washington Chapter of Associated Builders and Contractors, Inc., Associated Builders and Contractors of Maryland, Inc., and Charles W. Demory, Jr., (hereinafter collectively called "Demory") instituted a suit in the Circuit Court for Prince George's County in which they joined the Board of Public Works of the State of Maryland, the Board of Education of Prince George's County, and Karl W. Hassel in his official capacity as Superintendent of Schools of Prince George's County. The Bill sought, *inter alia* to have the prevailing wage law declared not applicable to the State school construction program, to enjoin temporarily and permanently defendants-appellees from enforcing the prevailing wage law insofar as its applicability to the State school construction program is concerned, to declare the award of the contract to Gardiner null and void and order

---

2. The Interagency Committee for State Public School Construction consists of the Secretary of State Planning, the Secretary of General Services, and the State Superintendent of Schools or their respective designees. The State Superintendent of Schools or his designee is the chairman of the Committee. All decisions of the Committee are by majority vote except insofar as that decision pertains to any aspect of a consolidated State program. If the Committee is unable to reach unanimous agreement on the consolidated program, the final recommendation to the Board of Public Works is that which is determined by the Governor.

the Board of Education to award the contract to Demory. Judge Powers entered a decree in which he denied the relief requested by Demory.

The prevailing wage rate is determined by the Commissioner of the Department of Labor and Industry of the State of Maryland and the public body awarding the contract is required to "specify in the call for bids . . . the prevailing hourly rate of wages." Md. Ann. Code Art. 100, § 98(a). The Board of Public Works may adopt rules and regulations for the administration of public school projects. Md. Ann. Code Art. 77, § 130A (d). The "Rules, Regulations and Procedures" that were "accepted and approved by the Board" on June 29, 1971 proscribed the expenditure of State funds for "costs of site purchase".[3]

Demory avers that site acquisition is an integral part of construction, and inasmuch as county funds were used to purchase the land, the provisions of Md. Ann. Code Art. 100, § 96 were not applicable because State funds were not "the only funds used for the construction of [this] particular public works." Demory reads the legislative prohibition embodied in Md. Ann. Code Art. 77, § 130A (c), that the "cost of acquiring land shall not be deemed a construction or capital improvement cost and shall not be paid by the State", as conflicting with Md. Ann. Code Art. 100, § 96 (b), wherein "construction" is defined as follows: "'*Construction*' includes all construction, reconstruction, improvement, enlargement, painting and decorating, alteration, maintenance or repair." Demory argues that while site acquisition is not specifically enumerated within the definition, the words employed by the legislature are such that site acquisition "could" have been contemplated. Demory further contends that use of the word "includes" suggests that other meanings may be added to the word "construction" because "includes" is not a word of limitation. As Demory sees it, if the word "construction" did not include site acquisition there would have been no necessity for the

---

**3.** *See* Rule 7 — "Rules, Regulations and Procedures for the Administration of the School Construction Program." Board of Public Works.

legislature to have spelled out specifically in Md. Ann. Code Art. 77, § 130A (c) the cost exclusion of land acquisition from the school construction program.

In order to resolve the controversy, we must ascertain the legislative intent. It is beyond dispute that "[t]he Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed." *Johnson v. United States*, 163 F. 30, 32 (1st Cir. 1908); *Board of Co. Comm'rs v. Fleming*, 13 Md. App. 261, 282 A. 2d 512 (1971). In determining the legislative will there are a number of factors that we may consider. Three of these factors we utilize in this case. One is "the construction placed upon a statute by administrative officials soon after its enactment" and that construction "should not be disregarded except for the strongest and most cogent reasons." *Comptroller v. Rockhill, Inc.*, 205 Md. 226, 233, 107 A. 2d 93, 97 (1954). *See Nutwell v. Sup. of Elections*, 205 Md. 338, 343, 108 A. 2d 149, 151 (1954); *Smith v. Higinbothom*, 187 Md. 115, 132-33, 48 A. 2d 754, 763 (1946). The second is the legislative acquiescence in the interpretation by the Attorney General of the prevailing wage law's applicability to the school construction program, *see* 57 *Op. Att'y Gen.* 178 (1972), because the legislature is presumed to know of such interpretations. *Crest Investment v. Cohen*, 245 Md. 639, 648, 227 A. 2d 8, 13 (1967); *Drug & Chem. Co. v. Claypoole*, 165 Md. 250, 257-58, 166 A. 742, 745 (1933). The third is the fact that the legislature rejected an amendment to Md. Ann. Code Art. 100, § 96 that would have exempted public school construction from the ambit of the prevailing wage law. It has been held that a legislative body's rejection of a statutory amendment is significant because it throws light upon the legislative intent. *See Madden v. Brotherhood and Union of TR. Employees*, 147 F. 2d 439, 443 (4th Cir. 1945); *Safeway Stores v. Bowles*, 145 F. 2d 836, 844 (U.S. Emer. Ct. App. 1944), *cert. denied*, 324 U. S. 847, 65 S. Ct. 683, 684, 89 L. Ed. 1408 (1945); *State v. Chicago & N.W. Ry. Co.*, 147 Neb. 970, 976, 25 N.W.2d 824, 828 (1947).

On January 18, 1973 Senate Bill 369 was introduced in the General Assembly. That bill provided in pertinent part:

"105A. All contracts for public school construction, additions, or alterations are exempt from the provisions of this subtitle [contracts for public works] as they apply to prevailing wage rates."

A favorable report by the Senate Finance Committee was rejected by the Senate.[4] Subsequently, on motion to reconsider, the proposed amendment was again rejected.[5] The Court of Appeals in *Bosley v. Dorsey*, 191 Md. 229, 240, 60 A. 2d 691, 696 (1948), indicated that the rejection by the State Senate of a bill that would have authorized the People's Counsel to appeal decisions of the Public Service Commission "strengthens the conclusion that the Legislature has not intended that the People's Counsel shall appeal from orders of the Commission." It appears, therefore, that the Court recognized the amendment-rejection theory as a valid means of determining legislative intent.

Considering and applying the construction placed upon the statute by the Board of Public Works which is charged with the responsibility of enforcing it, the Attorney General's interpretative opinion and the Senate's rejection of an amendment that would have exempted public schools from the prevailing wage law, we are led to the conclusion that the General Assembly intended the public school construction program, authorized by Md. Ann. Code Art. 77, § 130A, to be administered in conjunction with the prevailing wage rate mandated by Md. Ann. Code Art. 100, §§ 96-107. Having determined that the public school construction program is to be administered in accordance with the precepts of the prevailing wage law, we note that the legislature through the enactment of Md. Ann. Code Art. 77, § 130A (c) has expressly excluded land acquisition from those costs that are to be funded by the State. Land acquisition is not to be considered a cost of "construction of

4. The vote was 22 for rejection; 18 for adoption and 3 abstentions.

5. The motion to reconsider was defeated as the result of a tie vote, 21 to 21. One senator did not vote on the measure because he was excused from voting by "permission of the Senate."

public works" within the meaning of Md. Ann. Code Art. 100, § 96.

Demory next argues that the payment by the county of the salaries of the building inspectors means that the State is not funding all of the construction costs, thus removing the contract in this particular case from the purview of the prevailing wage law. The short answer to that contention is found in Md. Ann. Code Art. 100, § 97 (a) which provides ". . . Employees of a public body are deemed not to be employed on public work." The building inspectors in the instant case are employees of Prince George's County, hence they are employees of a public body and are not, under the express language of the statute, employed on a public work. The involvement of the building inspectors on a public work is to insure that the builder complies with building regulations. The inspector is most certainly not an employee of the builder. Moreover, the inspector's salary is paid by the county, and it is not subject to the prevailing wage law.

In this case the cost of the building permit will be paid by Prince George's County, and thus State monies are not the "only funds" used for the construction of the school. Nevertheless, the prevailing wage rates have no direct effect on the cost of the building permit. We recognize, however, that the amount charged for the permit may be graduated to the cost of the building. If that is true then the fee for the permit may, in some minimal way, be reflected in the total amount of the bid made under the prevailing wage law. That is, the charge for the building permit may be slightly higher for a building costing $1,103,000.00 to erect than for a building costing $1,090,500.00.

In any event the nine hundred dollars charged for the permit, a figure of less than one/tenth of one percent of the total contract, is an infinitesimal contribution by the county and, at the very most, a trifling matter for which the law cares not or takes no notice. *De minimis non curat lex.* We need not in this case decide the outer limit of the doctrine of *de minimis.* The application of the doctrine depends upon the facts and circumstances of each particular case. Demory's argument relative to the county's paying the

building permit charge, followed to its logical extreme would mean that if a local public body were to contribute only one dollar toward a multimillion dollar school construction program the State would then not be contributing the "only funds". Such a procedure, if allowed, would enable a local public body to utilize State monies for school construction purposes and simultaneously undermine and circumvent the legislative will.

Ultimately, Demory argues that the competitive bid provisions of Md. Ann. Code Art. 77, § 123 are in conflict with Md. Ann. Code Art. 100, §§ 96-107 and it concludes "that the prevailing wage law is inapplicable to public school construction." Md. Ann. Code Art. 77, § 123 provides in pertinent part:

> "Where the cost of any school building, improvement, supplies, or equipment of any sort exceeds the sum of five thousand dollars, the board of education in each county shall advertise for bids . . . and the contract for any such school building, improvements, supplies, or other equipment *shall be awarded to the lowest responsible bidder* . . . and any contract entered into or purchase made in violation of the provisions of this section shall be null and void. . . ." (Emphasis supplied).

The Court of Appeals in *Board of Education v. Allender*, 206 Md. 466, 112 A. 2d 455 (1955), held the clause "lowest responsible bidder" to be mandatory.[6] The purpose, of course, of § 123 is to secure unrestricted competitive bidding thereby providing the lowest cost to the taxpayer. *Board of Education v. Allender, supra.*

Reduced to simplicity, Demory's argument runs along the following line: § 123 requires the award of a bid on a school construction job to be let to the "lowest responsible bidder." Demory made the lowest bid. Demory is responsible. The payment of prevailing wage rate has nothing to do with

---

6. The responsibility of both Gardiner and Demory is not questioned here.

responsibility. *Ergo,* the bid should be awarded to Demory. Demory's reasoning, however, presupposes that Md. Ann. Code Art. 77, § 123, stands alone and is to be read without regard to other legislative enactments. The argument ignores the adoption of the prevailing wage law. In our view, the prevailing wage law must be read together with the competitive bid statute. Both statutes, *i.e.,* Md. Ann. Code Art. 77, § 123 and Md. Ann. Code Art. 100, §§ 96-107, are *in pari materia.*

In *May v. Warnick,* 227 Md. 77, 175 A. 2d 413 (1961), the Court of Appeals stated, at 83:

> "It is well-established law that in construing legislative enactments, all statutes relating to the same subject matter are to be considered and harmonized as far as possible. And this rule applies when the statutes were passed at different dates, separated by long or short intervals. The statutes are to be compared and brought into full accord if possible, but if they are insusceptible of a construction which will permit all their provisions to fall into complete agreement, they are to be made to operate together as far as possible, consistent with the evident intent of the latest enactment. *Balto. Credit Union v. Thorne,* 214 Md. 200, 134 A. 2d 84 [(1957)]. Cf. *Reed v. President & Com'rs of the Town of North East,* 226 Md. 229, 172 A. 2d 536 [(1961)]; *Height v. State,* 225 Md. 251, 170 A. 2d 212 [(1961)]; *Phillips v. Comptroller,* 224 Md. 350, 167 A. 2d 913 [(1961)]."

Applying the principle of a harmonious reading to the two statutes here involved, as well as the rule that "[i]f two legislative acts can reasonably be construed together so as to give effect to both, such a construction is to be preferred", *Montgomery County v. Bigelow,* 196 Md. 413, 423, 77 A. 2d 164, 168 (1950), we hold that Md. Ann. Code Art. 77, § 123 is to be read together with Md. Ann. Code Art. 100, §§ 96-107 so that the phrase "lowest responsible bidder" embodied in Md. Ann. Code Art. 77, § 123 means, in the light of Md. Ann.

478

Code Art. 100, §§ 96-107, the lowest responsible bidder utilizing the prevailing wage rate.

Demory's bid under the provisions of the prevailing wage law, as we have previously noted, was $52,930.00 higher than Gardiner's bid. Judge Powers did not err in refusing to enjoin the award of the Eugene Burroughs Junior High School contract to Gardiner inasmuch as Demory was not the lowest responsible bidder within the meaning of the Maryland law.

*Judgment affirmed.*
*Costs to be paid by appellants.*