518

SERVICE DEVELOPMENT CORPORATION *v.* PRINCE
GEORGE'S COUNTY, MARYLAND ET AL.

[No. 105, September Term, 1975.]

*Decided November 4, 1975.*

The cause was argued before GILBERT, DAVIDSON and MELVIN, JJ.

*Gary R. Alexander,* with whom were *Giordano, Alexander, Haas, Mahoney & Bush* on the brief, for appellant.

*Ellis J. Koch, Associate County Attorney,* with whom was *James C. Chapin, County Attorney,* on the brief, for appellees.

GILBERT, J., delivered the opinion of the Court.

The Prince George's County Zoning Code permits an appeal from a decision of the District Council in granting or refusing a zoning map amendment. An aggrieved party also has, under the ordinance, the right to seek the Council's review by way of reconsideration. In the instant case Service Development Corporation, appellant, petitioned for reconsideration of the Council's refusal to grant a zoning map amendment and, failing in the effort, appealed to the Circuit Court for Prince George's County. The County moved to dismiss the appeal on the ground that it was untimely. Judge Ralph W. Powers ruled that the Zoning Code provided for an election between an appeal and a petition for reconsideration. Accordingly, he dismissed the appeal because the appellant had, by filing a petition for reconsideration, made its election and so waived its right to judicial review.

1 Prince George's County Code, Ord. & Res. § 30.41A (1968) (Appendix B) provides:

"(a) For a period of thirty (30) days after the date of mailing the notice of the action or final decision of the district council on any application for a zoning map amendment, or thereafter pursuant to a petition for reconsideration filed within such thirty (30) day period, the district council shall have revisory power and control over such action or final decision. After the expiration of such period the

action or decision shall stand and be the final determination as to all matters considered under the application and no revisions thereof may be made except to correct mistakes or irregularities not amounting to a change of use permitted in the zoning expressed in the decision.

(b) Reconsideration. The district council may, pursuant to a petition for reconsideration or upon its own motion, filed or acted upon within the time set forth in subparagraph (a) of this subsection, reconsider the application on such grounds as may be stated in the petition or motion. The petition, in addition to setting forth grounds for reconsideration, *shall have contained therein an affidavit that the same is not filed for the purpose of extending the time of appeal of the action or decision,* that there is good and sufficient reason to support the petition and that a copy of it has been served by regular mail, postage prepaid, upon each party who appeared at the public hearing or his spokesman or counsel. An opportunity will be given to the parties named in the record of the public hearing to be heard or to file a response if any member of the district council requests it before the petition or motion is acted on. *The district council may act upon the petition for reconsideration with or without a hearing and shall act upon such petition or its own motion within sixty (60) days of the original decision or the same shall be deemed to be affirmed.*

(c) *The revisory power herein contemplated shall not be construed to affect the appeal provisions of the public local law allowing appeals to the circuit court from decisions of the district council and when such appeal is taken it shall be deemed as a dismissal of any petition or motion which may be pending under this section.*

(d) In the event there is granted a reconsideration pursuant to this section. a date

shall be designated for a rehearing of the matter and the application for zoning map amendment shall be readvertised and posted and notice given as in the case of a new application. The cost thereof to be borne by the petitioner." (Emphasis supplied).

2 Prince George's County Code, Ord. & Res. § 59.85(e) (1968) provides:

". . . In Prince George's County, any incorporated municipality located in Prince George's County, any person or taxpayer in Prince George's County, the applicant who is an aggrieved party, is authorized to have judicial review of any final decision of the district council. *Proceedings for review shall be instituted by filing a petition in the circuit court of Prince George's County within thirty (30) days after service of the final decision of the district council, which must be served upon all persons of record at the district council's hearing.* Copies of the petition shall be served on the district council and all other persons of record in the manner provided by the rules of court. The filing of the petition shall not stay enforcement of the district council's decision; but the district council may do so, or the reviewing court may order a stay upon such terms as it deems proper." (Emphasis supplied).

Section 30.41 (Appendix B) provides:

"Action by the district council on any proposed zoning map amendment shall, after thirty (30) days, be final and not subject to reconsideration, except through the filing of a new application. *Within said thirty (30) day period, the district council may recall for reconsideration any zoning map amendment; provided that, before taking further action thereon, a rehearing shall be scheduled and advertised and the property posted, as in the case of a new application."* (Emphasis supplied.)

The judge interpreted the above quoted Code provisions as conferring two alternatives upon the aggrieved party in a zoning case, namely (1) "seek immediate judicial review on the merits" or (2) "petition the District Council to reconsider its decision." We think the alternatives to be not quite so restrictive.

The foremost rule with respect to construing a statute or ordinance was recently repeated by the Court of Appeals in *Maryland-Nat'l Capital Park and Planning Comm'n v. Mayor and Council of Rockville*, 272 Md. 550, 325 A. 2d 748 (1974). There, Judge Levine, writing for the Court, opined at 555-56:

> "The cardinal rule of statutory construction is to ascertain and carry out the real legislative intent, *Radio Com., Inc. v. Public Serv. Comm'n*, 271 Md. 82, 93, 314 A. 2d 118 (1974); *Scoville Serv., Inc. v. Comptroller*, 269 Md. 390, 393, 306 A. 2d 534 (1973); *Silberman v. Jacobs*, 259 Md. 1, 267 A. 2d 209 (1970); *Atlantic, Gulf v. Dep't of Assess. & T.*, 252 Md. 173, 249 A. 2d 180 (1969); and in ascertaining that intent, the Court considers the language of an enactment in its natural and ordinary signification, *City of Gaithersburg v. Mont. Co.*, 271 Md. 505, 511, 318 A. 2d 509 (1974); *Grosvenor v. Supervisor of Assess.*, 271 Md. 232, 315 A. 2d 758 (1974); *Radio Com., Inc. v. Public Serv. Comm'n, supra.* If there is no ambiguity or obscurity in the language of a statute, there is usually no need to look elsewhere to ascertain the intent of the legislature, *Scoville Serv., Inc. v. Comptroller, supra; Atlantic, Gulf v. Dep't of Assess. & T., supra.*"

*See Demory Brothers, Inc. v. Bd. of Public Works*, 20 Md. App. 467, 473, 316 A. 2d 529, 532 (1974), *aff'd* 273 Md. 320, 329 A. 2d 674 (1974); *Board of County Comm'rs v. Fleming*, 13 Md. App. 261, 282 A. 2d 512 (1971).

"No rule of statutory construction is more fundamental than that, in ascertaining the intention of the . . . [County Council], we are to read all parts of a[n] . . . [ordinance]

together to find the intention as to any one part; and that all parts are to be reconciled and harmonized. . . ." *Prince George's County v. White,* 275 Md. 314, 317-18, 340 A. 2d 236, 239 (1975). When the lesson of *White* is followed in reading the above quoted ordinance, the County Council's intent becomes clear. The ordinance allows an aggrieved party, within thirty days after the district council's original decision on the zoning map amendment to:

1) Appeal the district council's decision to the county circuit court.[1]

2) Instead of appealing, file a petition for reconsideration, provided the petition be accompanied by an affidavit to the effect that the filing of the petition is not for the purpose of extending the time in which to appeal to the courts;[2] provided further that no appeal is pending.

3) Even if a petition for reconsideration has been filed by a party, the same party may file an appeal to the courts thus, in effect, withdrawing the petition because the council is *ipso facto* stripped of all authority to act upon the petition.

Appellant argues that the ordinance required that it proceed by way of a petition for reconsideration or else it has not exhausted the available administrative remedies. The

---

**1.** This action will preclude the subsequent filing of a petition for reconsideration by the appealing party or another because under the wording of the ordinance the district council is divested of its right to reconsider. *See* 1 Prince George's County Code Ord. & Res. § 30.41A(c) (1968) (Appendix B). *See also* Md. Rule B4a which provides:

"An order for appeal shall be filed within thirty days from the date of the action appealed from, except that where the agency is by law required to send notice of its action to any person, such order shall be filed within thirty days from the date such notice is sent, or where by law notice of the action of such agency is required to be received by any person, such order for appeal shall be filed within thirty days of the receipt of such notice."

**2.** This alternative is directed primarily toward preserving the right of the zoning map amendment applicant to utilize the property under its new use without delay. Otherwise the property's new use would be postponed for up to ninety (90) days pending a decision on appeal. Significantly, no affidavit is required to be affixed to the appeal, however, so that, hypothetically, the appeal may be frivolous and so known to the appellant.

contention is advanced on the theory that because the reconsideration is authorized, a party must file for reconsideration before appealing. Such a procedure, of course, would extend the time in which to appeal for up to an additional ninety days.[3] We think appellant misreads the ordinance. There is no requirement that a petition for reconsideration be filed as a prerequisite to appeal.[4] As we have already stated, an appeal may be filed within thirty days of the district council's original decision. When a party files a petition for reconsideration he may appeal from the denial of the petition within thirty days thereof. On appeal the issue before the court, however, is limited to the validity of the subsequent action. The rule relative to what may be considered on appeal from a reconsideration by a zoning body is set forth in *Nutter v. Non-Profit Housing Co.*, 230 Md. 6, 14-15, 185 A. 2d 360, 364 (1962). Speaking through Judge Hammond (later Chief Judge), the Court held:

". . . [N]o appeal which is taken or attempted to be taken from a decision or action of the Board more than thirty days from the date notice of the decision or action is sent out is timely, and that an appeal or attempted appeal from subsequent action of the Board, even though related to the original action sought to be reviewed, will lie only as to the validity of the subsequent action and not relate or reach back to the original action."

It would appear that when the council fails to act within the sixty day period on a petition for reconsideration, the failure to act does not bring before the court the original

---

3. The sixty day period for reconsideration, *vel non,* and thirty days to appeal from the granting or denial of the reconsideration.

4. The suggestion that one must file a petition for reconsideration as a prior condition to appeal is reminiscent of what Lord Atkin, in Liversidge v. Anderson, A.C. 206, 245 (1942), where quoting from Lewis Carroll's *Through the Looking Glass,* Ch. 6, stated:

"I know of only one authority which might justify the suggested method of construction: 'When I use a word,' Humpty Dumpty said in rather a scornful tone, 'it means just what I choose it to mean, neither more nor less.' 'The question is' said Alice, 'Whether you can make words mean so many different things.' 'The question is' said Humpty Dumpty, 'which is to be master — that's all.'"

action of the council, but rather the sole question of whether the council abused its discretion by failing to consider the petition. *Nutter v. Non-Profit Housing Co.*, 230 Md. at 16, 185 A. 2d at 365. Nothing in the Prince George's County ordinance requires a different solution than that provided by *Nutter*.

Appellant next argues, "Moreover, the lower court overlooked the possibility of judicial review from the District Council's denial of reconsideration." Our perusal of the appellant's brief discloses that the above quoted statement is the solitary pronouncement advanced by appellant on the subject. Before the circuit court the appellant asserted:

> "In this particular situation the county's final decision, of which the appeal was taken within good time, which is dated and filed with the Court — this would be the August 30th, 1974, decision of the District Council denying reconsideration. That's the decision we are taking the appeal from. And on top of that decision it says, 'Notice of Final Decision.' Even on its face there is no question that's the final decision in the case."

Appellant's "Petition for Appeal and Review", filed in the circuit court pursuant to Md. Rule B2e, manifests that the only relief sought in the circuit court was that the court ". . . reverse the findings and conclusions of the District Council in denying the request for zoning. . . ." The Petition contains a general prayer ". . . for such other and further relief as to the Court may seem just and proper." Unless appellant's assertion was considered to be before the court under some sort of umbrella interpretation of the latter prayer, it was not raised. The record, read as a whole, makes it unmistakable that the appellant was not seeking a review on the single ground of the denial of the petition for reconsideration, but rather was endeavoring to evade both the spirit and letter of *Nutter* and "reach back to the original action." Patently, Judge Powers did not consider the appealability of the denial of the pe-

526

tition for reconsideration because appellant did not press that issue, nor do we glean from the record and argument that appellant was particularly interested in having that narrow question litigated. Appellant's principal interest was in getting a judicial review of the District Council's original action, but, as we have seen, appellant's appeal to the circuit court was too late to accomplish that end. Judge Powers did not "overlook" judicial review of the denial of the petition for reconsideration; it simply was not before him.

*Judgment affirmed.*
*Costs to be paid by appellant.*