DONMAR MARYLAND CORPORATION *v.* KENNETH HAWKESWORTH ET UX.

[No. 5, September Term, 1980.]

*Decided October 9, 1980.*

The cause was argued before GILBERT, C. J., and WILNER and WEANT, JJ.

*Thomas F. Stansfield* for appellant.

No brief or appearance by appellees.

WEANT, J., delivered the opinion of the Court.

The question that the appellant, Donmar Maryland Corporation (Donmar), would have us answer affirmatively is the same query to which the Honorable Luke K. Burns, Jr., Circuit Court for Carroll County, correctly and negatively responded. That question, which sets forth the relevant facts as well as the issue, is: Can an unlicensed home improvement contractor recover for repairs performed on a mobile home? This question was disposed of by the granting of Summary Judgment in favor of the defendants (the appellees herein). For purposes of that motion the following fact was, according to Donmar, either admitted or not controverted: That at the time the mobile home in question was damaged, thereby necessitating the repairs performed by Donmar, the appellees, "the owners of said mobile home, together with their minor children, were occupying the same as their home and place of residence. . . ."

On appeal Donmar concedes that Maryland case law holds unenforceable a contract made by an unlicensed person subject to the Maryland Home-Improvement Law, Maryland Annotated Code article 56, sections 245-269A. *Harry Berenter, Inc. v. Berman,* 258 Md. 290, 265 A.2d 759 (1970). *See also S.A.S. Personnel Consultants, Inc. v. Pat-Pan, Inc.,* 286 Md. 335, 341, 407 A.2d 1139, 1143 (1979). However, it contends that the definition of the term "home improvement" contained in article 56, section 249 (c) "does not lend itself to include mobile homes."

Section 249(c) provides in pertinent part:

> *"Home improvement"* means the repair, replacement, remodeling, alteration, conversion, modernization, improvement, or addition to any land or building, or that portion thereof which is used or designed to be used as a residence or dwelling place; and shall include the construction, replacement, or improvement of driveways, swimming pools, porches, garages, landscaping, fences, fall-out shelters and other improvements to structures or upon land which is adjacent to a dwelling house.

Since this provision makes no specific reference to mobile homes, a conclusion that it includes such must be the consequence of our adherence to "[t]he cardinal rule of statutory construction," *i.e.,* to ascertain and effectuate the actual intent of the Legislature." *Comptroller v. John C. Louis Co.,* 285 Md. 527, 538, 404 A.2d 1045, 1052 (1979) (citations omitted).

To persuade us that "mobile homes were never intended to be included within the ambit of the [Maryland Home-Improvement Law], Donmar cites various code articles which define the term "mobile homes." *See* Maryland Real Property Code Annotated sections 8-208.1 (a) (1)(i) and 8A-101 (b) and Maryland Transportation Code Annotated section 11-134. A reading of these provisions fails to convince us that a mobile home is not a "building ... which is used or designed to be used as a residence or dwelling place. . . ."

Moreover, we find Donmar's reliance upon Maryland Senate Bill No. 1062, the stated purpose of which was to amend article 56, section 249 (c) so as to "exempt[   ] certain work on mobile homes from the licensing requirements of the home improvement law for a certain period of time" to be unjustified. First, the bill in question lacks authority because, although it was passed by the Senate during the 1980 General Assembly term, the House of Delegates never considered it. Second, the language amending section 249 (c) would have redefined the term "home improvement" to specifically exclude "UNTIL JULY 1, 1981, ... THE REPAIR, REPLACEMENT, REMODELING, ALTERATION, CONVERSION, MODERNIZATION, IMPROVEMENT, OR ADDITION TO A MOBILE HOME." This language indicates that as unamended, and as it read at the time Judge Burns heard the instant case, section 249 (c) includes mobile homes. Had it been otherwise, the Legislature would neither have attempted to amend section 249 (c), nor in doing so limited the life of its amendment. *See Demory Brothers, Inc. v. Board of Public Works,* 20 Md. App. 467, 473, 316 A.2d 529, 532, *aff'd,* 273 Md. 320, 329 A.2d 674 (1974).

Accordingly, the judgment of the Circuit Court for Carroll County must be affirmed.

*Judgment afffirmed.*
*Costs to be paid by the appellant.*