# CHARLES B. ANDERSON, JR. *v.* HARFORD COUNTY, MARYLAND

[No. 107, September Term, 1981.]

*Decided October 9, 1981.*

The cause was argued before GILBERT, C. J., and LOWE and WEANT, JJ.

*William D. Hooper, Jr.,* with whom were *Lentz, Hooper, Jacobs & Blevins, P.A.* on the brief, for appellant.

*Robert L. Miller,* with whom were *Gregory A. Rapisarda* and *Charles H. Boarman* on the brief, for appellee.

G<small>ILBERT</small>, C. J., delivered the opinion of the Court.

Charles B. Anderson, Jr., served as County Executive of Harford County, Maryland, at and for an annual salary of $27,500. After his term as County Executive, he was indicted by the Grand Jury of Harford County on several charges of misconduct in office and violation of the Harford County Charter. He was not convicted on any of them. The cost of defending himself against those charges was $57,003.20, a sum in excess of twice the annual salary of the County Executive. Understandably, Mr. Anderson seeks reimbursement for the money he has or will expend to satisfy those costs.

Anderson asserts that the successful defense was to the benefit of the County, and "was in furtherance of his duties and responsibilities to . . . Harford County. . . ." Demand was made upon the County by Anderson in the amount of $57,003.20. When neither that sum nor any part of it was paid by the County, Anderson filed suit in the Circuit Court for Harford County. The County, in turn, responded with a motion raising preliminary objection, Md. Rule 323, in which it asserted the defense of governmental immunity.

The circuit court (Higinbotham, J.) dismissed Anderson's declaration and entered judgment for costs against him. Anderson has now journeyed to this Court where he posits three issues to us, namely:

"I. [T]he trial court erred when it held that the Charter for Harford County, providing for the payment of 'subsistence', did not include the reimbursement of legal expenses incurred by an elected official.

II. [T]he trial court erred when it held that the Corporations and Associations Article . . . [of the Code] did not apply to municipal corporations or charter counties.

III. [T]he trial court erred in holding that the provisions of the Charter for Harford County and . . . [Corp. Art.] did not expressly or impliedly waive the defense of sovereign immunity."

We disagree with the appellant and shall affirm the action taken by Judge Higinbothom. We now explain why we so do.

## I.

The Harford County Charter [1] provides in pertinent part:

> *"Sec. 306. Compensation of the county executive.*
>
> The county executive shall receive compensation of not less than twenty-seven thousand five hundred dollars per annum. His compensation may be changed by law passed by an affirmative vote of at least five members of the council. Any increase or decrease in compensation which becomes law during one term of office shall not become effective before the next term.
>
> . . . .
>
> *Sec. 805. Additional Compensation.*
>
> No officer or employee of the county, elected or appointed, whose compensation is fixed, in whole or in part, by this Charter, the laws of the county or its personnel regulations, shall be entitled to any other compensation from the county for performance of public duties, except expenses for travel and subsistence incident to the performance of his official duties as prescribed by law." [2]

Anderson zeroes in on the words "subsistence incident to the performance of his official duties as prescribed by law," and then divorces them from the rest of the phrase that appears in the text. The result thus achieved by Anderson is

---

**1.** The Charter was adopted by the voters of Harford County at the General Election held on November 7, 1972. The Charter became effective December 7, 1972.

**2.** The Harford County Code also provides:

"*Sec. 2-36. Same — Compensation.*

The county executive shall receive compensation of not less than twenty-seven thousand five hundred dollars per annum. His compensation may be changed by law passed by an affirmative vote of at least five members of the council. Any increase or decease in compensation which becomes law during one term of office shall not become effective before the next term. (Bill No. 76-106, § 1.)"

that the County is liable to him for "subsistence incident" to his duties as County Executive. He then carries his thought one more step and concludes that the offenses he was charged with having committed occurred in the course of his official duties. Consequently, the expenses incurred by him in defending himself against those charges are part of the "subsistence" to which he is entitled under the Charter, § 805.

We read the Charter to say something entirely different. The Charter is read and construed in the same manner as a statute. Its words are given their natural meaning and are not to be convoluted to reach a particularly desired result. Furthermore, the various sections of the Charter, as is the case with statutes, are to be brought into full accord if possible. *May v. Warnick,* 227 Md. 77, 175 A.2d 413 (1961); *Demory Brothers v. Board of Public Works,* 20 Md. App. 467, 316 A.2d 529, *aff'd,* 273 Md. 320, 329 A.2d 674 (1974).

Section 805 of the Charter quite clearly states that the "elected [County Executive], whose compensation is fixed in whole or in part, by [§ 306 of] this Charter . . . [and County Code § 2-36] shall be entitled to . . . [no] other compensation from the County . . . except expenses for travel and subsistence incident to the performance of his official duties. . . ."

We hold that the phrase, "except expenses for travel and subsistence" means that whenever a County officer or employee is required by his or her official duties to travel and to incur transportation expenses, as well as expenses for subsistence, that is, lodging and meals, he or she is entitled to reimbursement by the County. The meaning of "subsistence," when read in connection with travel, is crystal clear. Harford County is not obligated by its Charter to reimburse Anderson for his legal expenses.

II.

The Maryland Corporations and Associations Article Code Annotated is not applicable to chartered counties. The

authority for the operation of the County is the Charter, the "Express Powers Act" in Md. Ann. Code art. 25A, § 5, and the local code provisions enacted by the chartered county, if the latter are not in conflict with the State Constitution or the Public General Laws. Constitution, Art. XIA, § 1; *Turf Valley Associates v. Zoning Board,* 262 Md. 632, 278 A.2d 574 (1971).

Once the people of a county, by a majority of the votes cast, adopt a charter form of local government, the General Assembly must provide an express grant of powers to that county. Constitution Art. XIA, § 2; *Bradshaw v. Prince George's County,* 284 Md. 294, 396 A.2d 255 (1979); *Anne Arundel County v. Bowen,* 258 Md. 713, 267 A.2d 168 (1970). To fulfill its obligation relative to the express powers, the Legislature has adopted what has been styled the "Express Powers Act." Md. Ann. Code art. 25A, § 5. The powers of the chartered county are enumerated in Art. 25A, § 5, and, although the General Assembly has reserved unto itself the right to extend, modify or diminish those powers, it may not do so except by a Public General Law enacted *inter alia* for that purpose.

Nowhere in the "Express Powers Act" is there expressly or implicitly any indication that the Maryland Code concerned with corporations is in anywise a part of those powers.

It appears to us that because the Corporations and Associations Article speaks in terms of a "charter" that appellant may be misinterpreting "charter" as used in that Article with "charter" as used in reference to charter counties. The two, while bearing the same name, "charter," are unrelated.

The Corporations and Associations Article is basically concerned with commercial, professional, eleemosynary, and social corporate entities, not with county governments. The attempt by appellant to transmogrify the county charter by interlacing with it the Corporations and Associations Article is spurious.

### III.

In light of our disposition on the merits, it is unnecessary for us to consider whether the defense of governmental immunity was available to the County in the instant case.

*Judgment affirmed.*
*Costs to be paid by appellant.*