THE HOWARD RESEARCH AND DEVELOPMENT
CORPORATION ET AL. *v.* THE CONCERNED
CITIZENS FOR THE COLUMBIA
CONCEPT ET AL.

[No. 73, September Term, 1982.]

*Decided August 10, 1983.*

*Motions For Reconsideration denied October 21, 1983.*

*Motions for reconsideration filed on September 9, 1983;
motions denied on October 21, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Roger D. Redden,* with whom were *James D. Lano* and *Paul A. Tiburzi* on the brief, for appellant The Howard Research and Development Corporation and by *Paul T. Johnson, Assistant County Solicitor,* with whom was *Timothy E. Welsh, County Solicitor,* on the brief, for appellant Howard County, Maryland.

*Barbara Gold* for appellees.

*Amicus curiae* brief of Prince George's County, Maryland filed. *Robert B. Ostrom, County Attorney, Michael O. Connaughton, Deputy County Attorney* and *Steven M. Gilbert, Associate County Attorney,* on the brief.

DAVIDSON, J., delivered the opinion of the Court.

This case presents the question whether the Howard County Board of Appeals (Board of Appeals) has authority to

entertain an appeal from an action of the Howard County Planning Board (Planning Board) approving the construction of a gasoline service station (gas station) in the Columbia New Town District (Columbia).[1] The relevant statutory, charter, and code provisions are Md. Code, Art. 25A, § 5 (U), Howard County Charter, Art. V, § 501 (b) and § 501 (f), and Howard County Code, § 16.301.

Maryland Code (1957, 1981 Repl. Vol. & 1982 Cum. Supp.), Art. 25A, § 5 and § 5 (U), effective 1 June 1962, provide in pertinent part:

"The following enumerated express powers are granted to and conferred upon any county or counties which hereafter form a charter under the provisions of Article 11A of the Constitution . . . :

. . .

"To enact local laws providing (1) for the establishment of a county board of appeals . . . (4) *for the decision by the board* on petition by any interested person and after notice and opportunity for hearing and on the basis of the record before the board, of such of the following matters arising (either originally or *on review of the action of an administrative officer or agency*) under any law, ordinance, or regulation of, or subject to amendment or repeal by, the county council, as shall be specified from time to time by such local laws enacted under this subsection: An application for a zoning variation or exception or amendment of a zoning ordinance map; *the issuance,* renewal, denial, revocation, suspension, annulment, or modification *of any* license, permit, *approval,* exemption, waiver, certificate, registration, *or other form of permission* or of any adjudicatory order. . . ." (Emphasis added.)

---

1. Throughout this opinion, the phrase "an appeal from an action of the Planning Board" means an appeal from an action of the Planning Board approving the construction of a gas station in the Columbia New Town District.

Howard County Charter, Art. V, § 501, as amended effective 4 December 1980, provides in pertinent part:

"(b) Powers and functions. The Board of Appeals *may exercise* the functions and powers relating to the 'hearing and deciding, either originally or on appeal or review, of such matters as are or may be set forth in Article 25A, Section 5, Subparagraph (U) of the Annotated Code of Maryland, excluding those matters affecting the adopting of or change in the general plan, zoning map, rules, regulations or ordinances.

. . .

"(f) Implementing legislation. The powers and functions of the Board of Appeals as herein provided for *shall be defined by implementing legislation heretofore or hereafter enacted by the Council,* subject to and to the extent required by applicable State law. . . . To the extent permitted by State law, the Council shall also have the power, by legislative act, *to prescribe other appeals to be heard by, or to limit the jurisdiction of, the Board of Appeals* in addition to those specified in this Article." (Emphasis added.)

Howard County Code (1977), § 16.301, enacted 12 March 1969, provides in pertinent part:

"The Howard County Board of Appeals shall have the following zoning powers:

. . .

"(b) *To hear and decide appeals* where it is alleged there is error in any order, requirement, decision or determination *made by any administrative official* in the application, interpretation or enforcement of this title or of any regulations adopted pursuant thereto." (Emphasis added.)

This case originated in 1978 when BP Oil Company, Inc. (BP), pursuant to Howard County Zoning Regulation, § 119 C.15,[2] petitioned the Planning Board for approval of a site development plan that proposed the construction of a gas station in Columbia. On 8 November 1978, the Planning Board, over the protest of The Concerned Citizens for the Columbia Concept (protestants), granted BP's petition and approved the construction of the gas station.

The protestants appealed to both the Circuit Court for Howard County and the Board of Appeals. On 16 January 1979, while these appeals were pending, BP filed a petition for a declaratory judgment in the Circuit Court for Howard County in which The Howard Research and Development Corp. (HRD), the developer of Columbia, intervened. In its petition, BP requested that the trial court declare, insofar as here relevant, that the Board of Appeals had no jurisdiction to hear the appeal from the action of the Planning Board approving BP's construction of a gas station. On 2 November 1979, the trial court entered an order declaring, among other things, that the Board of Appeals had no such jurisdiction.

An appeal was filed to the Court of Special Appeals. In *Howard Research and Development Corp. v. Howard County,* 46 Md.App. 498, 418 A.2d 1253 (1980), *cert. denied,* 289 Md. 736 (1981), that Court considered the question whether, under the then Howard County Charter,[3] the Board of Appeals had authority to hear an appeal from an action of the Planning Board. The Court of Special Appeals

---

**2.** Howard County Zoning Regulations are adopted pursuant to Howard County Code (1977), § 16.203 and § 16.204. Howard County Zoning Regulation, § 119 C.15, applicable in a New Town District, provides:

"The Planning Board shall have jurisdiction to make decisions and determinations with respect to all matters which may be deemed to be in the nature of variances and special exceptions."

**3.** At the time the Court of Special Appeals considered that question, Howard County Charter, Art. V, § 501 (b) provided in pertinent part:

"The Board of Appeals *shall have and may exercise* functions and powers relating to the hearing and deciding, either originally or on appeal or review, such matters as are or may be set forth in Article 25A, Section 5, subparagraph U of the Annotated Code of Maryland, excluding those matters set forth in Section 406 (b) 13, hereof, including but not limited to, the following:

. . .

noted that the then Howard County Charter, Art. V, § 501 (b) granted the Board of Appeals all of the powers enumerated in Md. Code, Art. 25A, § 5 (U) including the power to review an action of an administrative agency approving a project. That Court concluded that under Md. Code, Art. 25A, § 5 (U) and then Howard County Charter, Art. V, § 501 (b), the Board of Appeals had authority to review the action of the Planning Board approving the construction of a gas station. On 8 September 1980, the Court of Special Appeals reversed the decision of the trial court and "remanded for the passage of a decree consistent with [its] opinion." *Howard Research & Dev. Corp.,* 46 Md.App. at 518, 418 A.2d at 1264.

As a result of the 4 November 1980 General Election, Howard County Charter, Art. V, § 501 (b) and § 501 (f) were amended to their present form, effective 4 December 1980. On remand, on 27 August 1981, the trial court determined that under Howard County Charter, Art. V, § 501 (b) and § 501 (f) as amended, the Board of Appeals had no jurisdiction to hear an appeal from the Planning Board's action approving the construction of a gas station.

The protestants appealed to the Court of Special Appeals. That Court, in an unreported opinion, *The Concerned Citizens for the Columbia Concept v. BP Oil, Inc.,* No. 1254, September Term, 1981, filed 30 April 1982, determined that the amendment to Howard County Charter, Art. V, § 501 (b), effective 4 December 1980, constituted "nothing more

---

"4. Appeals from executive, *administrative* and adjudicatory orders."
(Emphasis added.)

Howard County Charter, Art. V, § 501 (f) then provided in pertinent part:

"The Council shall have the power to enact by ordinance furthering legislation not inconsistent with the provisions of this Article to implement and define the powers and functions of the Board of Appeals as herein specified. . . . To the extent permitted by State law, the Council shall also have the power, by legislative act, to prescribe other appeals to be heard by the Board of Appeals *in addition to those specified in this Article.*" (Emphasis added.)

than linguistic housecleaning"; that it had effected no substantive change; and that, under Md. Code, Art. 25A, § 5 (U) and Howard County Charter, Art. V, § 501 (b), the Board of Appeals continued to have authority to hear an appeal from the Planning Board's action approving the construction of a gas station. Accordingly, it reversed the judgment of the trial court and remanded the case "for further proceedings pursuant to this opinion."

Petitions for a writ of certiorari were filed and granted. We shall affirm the judgment of the Court of Special Appeals for reasons other than those expressed by that Court.

Here, the petitioners contend that the 1980 amendments to Howard County Charter, Art. V, § 501 (b) and § 501 (f) effectuated a substantial change in the authority of the Board of Appeals. They assert that, as a result of the amendments to the Charter, the Board of Appeals now has the power to entertain only such appeals as are authorized by the County Council of Howard County (County Council). They maintain that Howard County Code, § 16.301 does not authorize an appeal from an action of the Planning Board because the Planning Board is an administrative agency composed of five members and, therefore, is not an "administrative official" as specified in that section. Additionally, they assert that there is no other code provision that specifically authorizes an appeal to the Board of Appeals from an action of the Planning Board. The protestants contend that the 1980 amendments to Howard County Charter, Art. V, § 501 (b) and § 501 (f) did not alter the authority of the Board of Appeals and that, now as before, the language of § 501 (b) as amended, coupled with the language of Md. Code, Art. 25A, § 5 (U), authorizes the Board of Appeals to entertain an appeal from an action of the Planning Board. In our view, the unambiguous language of the Howard County Charter as amended and of preexisting implementing legislation establishes that the Board of Appeals has the authority to entertain an appeal from an action of the Planning Board.

A charter or an ordinance generally is read and construed in the same manner as a statute. *See Pickett v. Prince George's County,* 291 Md. 648, 660-61, 436 A.2d 449, 456 (1981); *Clarke v. County Comm'rs for Carroll County,* 270 Md. 343, 349, 311 A.2d 417, 421 (1973); *Prince George's County v. Beard,* 266 Md. 83, 91, 291 A.2d 636, 640 (1972); *Anderson v. Harford County,* 50 Md.App. 48, 51, 435 A.2d 496, 498 (1981); *see also* 2 E. McQuillin, *The Law of Municipal Corporations* § 9.22 (3d ed. 1979). Thus, the cardinal rule of construction is to ascertain and effectuate the actual . intent of those who either framed and adopted the charter or enacted the ordinance. *Board of Supervisors of Elections of Prince George's County v. Goodsell,* 284 Md. 279, 284, 396 A.2d 1033, 1036 (1979); *see Clarke,* 270 Md. at 349, 311 A.2d at 421. In determining this intent a court must read the language of the charter or ordinance in context and in relation to all of its provisions and additionally must consider its purpose. *Smith v. Edwards,* 292 Md. 60, 70, 437 A.2d 221, 226 (1981); *Department of State Planning v. Mayor of Hagerstown,* 288 Md. 9, 14, 415 A.2d 296, 299 (1980); *Beard,* 266 Md. at 91, 291 A.2d at 640. Where the language of a charter or ordinance is unambiguous, ordinarily there is no need to look elsewhere to ascertain intent. Instead, the language should be given effect in accordance with the clear meaning of the words. *Blum v. Blum,* 295 Md. 135, 140, 453 A.2d 824, 827 (1983); *John McShain, Inc. of Maryland v. State,* 287 Md. 297, 301, 411 A.2d 1048, 1050 (1980); *Clarke,* 270 Md. at 349, 311 A.2d at 421.

Applying these principles to the instant case produces a clear result. The language of Howard County Charter, Art. V, § 501 (b) and § 501 (f) as amended when read in context and in relation to each other is clear and umambiguous. Section 501 (b) as amended expressly provides that the Board of Appeals "may exercise" those appellate powers enumerated in Md. Code, Art. 25A, § 5 (U) including, therefore, the 'power to entertain an appeal from "the action of an administrative officer or agency" or from the issuance of any approval or permission by an administrative officer or agency. Howard County Charter, Art. IX, § 914 (h) provides:

"The word 'shall' shall be construed as mandatory and the word 'may' shall be construed as permissive."

Therefore, the words "may exercise," contained in § 501 (b) as amended, permit, but do not require, the Board of Appeals to exercise any or all of those powers enumerated in Md. Code, Art. 25A, § 5 (U). Section 501 (f) as amended expressly provides that the powers of the Board of Appeals "shall be defined by implementing legislation heretofore or hereafter enacted by the Council." Additionally, that section expressly provides that the Council shall have the power "to prescribe other appeals to be heard by, or to limit the jurisdiction of, the Board of Appeals."

The clear language of Howard County Charter, Art. V, § 501 (b) and § 501 (f), when read in context and in relation to each other, unequivocally establishes that the purpose of those who framed and adopted the Howard County Charter was to create a process designed to enable the County Council to determine the extent of the Board of Appeals' appellate authority through implementing legislation enacted either before or after the 1980 Charter amendments. Additionally, that clear language dictates the conclusion that under the Howard County Charter as amended, the County Council is empowered to authorize the Board of Appeals to entertain an appeal from an action of the Planning Board, a conclusion consonant with the Charter's purpose.

Having determined that under the Howard County Charter the County Council is empowered to authorize the Board of Appeals to entertain an appeal from an action of the Planning Board, the only remaining question is whether the County Council, either before or after the 1980 Charter amendments, has enacted implementing legislation granting the Board of Appeals such authority. Howard County Code, § 16.301, enacted 12 March 1969, expressly provides that the Board of Appeals shall have the power to hear and decide appeals from determinations "made by any administrative official." The fact that the language of § 16.301 connotes that the appeal authorized is from an

individual rather than from a group of individuals, raises the question whether § 16.301 authorizes an appeal from an action of the Planning Board, an administrative agency composed of five members,[4] to the Board of Appeals.[5]

Howard County Code (1977), § 16.106 (4) provides in pertinent part:

"[W]ords used in the singular number shall include the plural. . . ."

Therefore, the words "administrative official" contained in § 16.301 mean administrative official or officials. *See Gatewood v. State,* 244 Md. 609, 618, 224 A.2d 677, 683 (1966); *Secretary of State v. Bryson,* 244 Md. 418, 424, 224 A.2d 277, 280 (1966); *Fuhrman v. Fuhrman,* 115 Md. 436, 443, 80 A. 1082, 1084 (1911). Under these circumstances, it is clear that Howard County Code, § 16.301 authorizes the Board of Appeals to entertain an appeal from an action of the Planning Board. Such an interpretation is consonant with Md. Code, Art. 25A, § 5 (U) that grants to a charter county the express power to establish a Board of Appeals with the authority, among other things, to entertain an appeal from an action of "an administrative officer or agency," or from

---

4. Howard County Charter, Art. XI, § 1106 (a), effective 28 January 1969, provides in pertinent part:

"The Planning Board shall consist of five members. Board members shall be appointed by the Executive, subject to confirmation by the Council. . . ."

5. With respect to a similar question, in *Board of County Commissioners of Cecil County v. Gaster,* 285 Md. 233, 242 n.1, 401 A.2d 666, 671 n.1 (1979), this Court expressed "considerable doubt" whether, under Md. Code (1957, 1978 Repl. Vol.), Art. 66B, § 4.07 (d) (1), the Cecil County Planning Commission was "an administrative official" and thus whether an appeal properly could lie from its action to the Cecil County Board of Appeals. Article 66B, § 4.07 (d) (1) provides in pertinent part:

"The board of appeals shall have the following powers:

"(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an *administrative official* in the enforcement of this article or of any ordinance adopted pursuant thereto." (Emphasis added.)

However, that question was not there determined because it had not been raised.

the issuance of any approval or permission by an administrative officer or agency.

We now hold that under Md. Code, Art. 25A, § 5 (U), Howard County Charter, Art. V, § 501 (b) and § 501 (f) as amended, and Howard County Code, § 16.301, the Board of Appeals has the authority to entertain an appeal from the action of the Planning Board approving the construction of a gas station in the Columbia New Town District.[6] Accordingly, we shall affirm the judgment of the Court of Special Appeals for reasons other than those expressed by that Court.

> *Judgment of the Court of Special Appeals affirmed.*
> *Costs to be paid by petitioners.*

---

**6.** In view of our decision, we need not consider the petitioners' additional contention that the County Council has the power to establish a Board of Appeals with more restricted authority than that set forth in Md. Code, Art. 25A, § 5 (U).