MALCOLM I. GLAZER, INDIV. AND T/A MOBILE HOME PARK OFFICE *v.* DONALD FITZGERALD ET AL.

[No. 793, September Term, 1973.]

*Decided May 29, 1974.*

448

The cause was argued before GILBERT, MENCHINE and MOORE, JJ.

*John C. Nason*, with whom were *Morton J. Owrutsky* and *Perdue, Owrutsky & Whitehead*, P.A. on the brief, for appellant.

No brief or appearance for appellee.

GILBERT, J., delivered the opinion of the Court.

In this appeal, this Court is asked to determine the application *vel non* of Md. Ann. Code Art. 53, § 45 (limitation on rental fee increases) to lots of land rented for mobile home and trailer use. The matter arose by way of a suit for a declaratory judgment and injunctive relief brought by the appellee, Donald Fitzgerald, in his own behalf and "all other tenants of The Baysinger Trailer Park similarly situated," against Malcolm I. Glazer, appellant, following Fitzgerald's receipt of a notice, in March of 1973,[1] of an increase in rental in excess of the 5% limitation imposed by the legislature in Md. Ann. Code Art. 53, § 45.

Judge Richard M. Pollitt, in the Circuit Court for Wicomico County, declared the limitation on rental increases to be applicable to the rental of mobile home lots and held that the

---

* Note: *Certiorari* denied, Court of Appeals of Maryland, July 25, 1974.

1. Md. Ann. Code Art. 53, § 45, effective June 1, 1973, prohibited any increase in rent beyond an amount of 5% of the rental charge in effect on January 11, 1973, except as otherwise provided in the statute.

appellant, Glazer, was not entitled to increase rental charges beyond the level authorized by the statute.

Obviously, in order to answer the question posed to us we must determine the legislative intent in enacting the rental increase limitation law. Bearing in mind the caveats that, "Laws are formed by the manners and exigencies of particular times. . . ." [2] and "[t]he Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed," *Johnson v. United States*, 163 F. 30, 32 (1st Cir. 1908); *Demory Brothers, Inc. v. Board of Public Works*, 20 Md. App. 467, 316 A. 2d 529 (1974); *Board of Co. Comm'rs v. Fleming*, 13 Md. App. 261, 282 A. 2d 512 (1971), we now examine Laws of 1973, ch. 794, which provides:

"An act to add new Section 45 to Article 53 of the Annotated Code of Maryland (1972 Replacement Volume), title "Landlord and Tenant", to follow immediately after Section 44 thereof, and to be under the new subtitle "Limitations on Rental Fee Increases", to impose certain limitations on the power of landlords to increase their rental fees; to provide certain exceptions to the limitations; to provide when this Act shall be superseded; to authorize local governments to enact measures concerning rental fees which supersede this act; to provide a severability clause; to provide this Act shall take effect on June 1, 1973, and to provide that these limitations shall terminate on July 1, 1974.

Whereas, The State of Maryland is confronted with an environmental crisis of emergency proportions; and

Whereas, The State of Maryland is confronted with an economic crisis; and

Whereas, Both of these crises have combined to create an emergency shortage in the availability of housing; and

---

2. *Boswell, Life of Johnson* (1776).

Whereas, The Maryland General Assembly, in the exercise of its police power, believes it must take immediate action of a temporary nature for the duration of this crisis because of the termination of Federal Rent Stabilization on January 11, 1973; now, therefore,

Section 1. Be it enacted by the General Assembly of Maryland, That new Section 45 be and it is hereby added to Article 53 of the Annotated Code of Maryland (1972 Replacement Volume), title "Landlord and Tenant", to follow immediately after Section 44 thereof, to be under the new subtitle "Limitations on Rental Fee Increases", and to read as follows:

45. Limitations on Rental Fee Increases.

(A) No landlord renting four or more units may increase any rental fee for any residential premises or for the part of any premises which is used as a residence beyond an amount which is five percent (5%) of the rental fee which was in effect on January 11, 1973 except as provided in subsection (B). All rent increases subsequent to January 11, 1973, which exceed five percent (5%) of the rental fee which was in effect on that date shall be null and void.

(B) However, the landlord may also add to the rental fee permitted in subsection (A) the proportionate share of the amount of any increases in costs to the landlord for the premises since January 11, 1973, resulting from increases in real estate taxes, water and sewer charges, utility rates, and any actual cost of capital improvements constructed since that date. The calculation of the proportionate increase in rental fee shall be in accordance with the rules established under 6 Code of Federal Regulations 301.101 (A) (3) and (B) insofar as applicable. Written documentation of the basis upon which the proportionate increase in the rental fee is calculated shall be made available to

the tenant at the time the tenant is notified of the rent increase.

(C) The rental fee for a residence vacant on the effective date of this section or becoming vacant thereafter may be increased by the landlord to an amount equal to the highest rent charged for a comparable residential unit in the same rental facility permitted under the terms of this section.

(D) The provisions of this section shall be superseded by reinstitution of federal rent stabilization.

(E) The governing body of any county and Baltimore City may enact laws, ordinances or regulations concerning rental fees covered by this section. These laws, ordinances and regulations shall supersede the provisions of this section.

(F) This section shall not apply to federally financed projects where the rent is determined as a percentage of the tenant's income.

(G) This Act shall expire July 1, 1974.

Section 2. And be it further enacted, that if any provision of this Act or the application thereof to any person or circumstances shall be held invalid, such invalidity shall not affect other provisions or applications thereof which can be given effect without the invalid provision or application.

Section 3. And be it further enacted, That this Act shall take effect June 1, 1973, and shall expire July 1, 1974, with no further action required by the General Assembly."

A reading of Laws of 1973, ch. 794, makes it apparent that the General Assembly was cognizant of 6 C.F.R. pt. 301 (1973) [3] because they specifically referred to that regulation in the text of ch. 794 and mandated that the proportional increases authorized by Md. Ann. Code Art. 53, § 45 (B)

---

3. Title 6, *Code of Federal Regulations* pt. 301 (1973) (Rent Stabilization).

"shall be in accordance with the rules established" by the Federal Regulations.

We look then to the Federal Regulations for guidance in determining intent when the Legislature, through ch. 794, sought to fill the void created by the expiration of Federal Rent Stabilization, 6 C.F.R., *supra.* The Federal Rent Stabilization regulation was bottomed upon the "Economic Stabilization Act of 1970" and amendments thereto [4] as implemented by the "Executive Orders" of the President.

Federal Rent Regulations, 6 C.F.R. § 301.2 (1973) defined "Residence" as follows:

" . . . a *housing unit, including* personal property such as a *mobile home* or a house boat, when offered for lease as a place of abode rather than as temporary lodging. *It also includes real property upon which the housing unit is situated* (or is to be situated if that unit is personal *property*) *and which is necessary for the convenient use of the unit,* and property owned by the lessor or owner of the unit, which is available for use by the lessee in connection with his use of the unit, and for which he must pay rent under the lease." (Emphasis supplied).

When ch. 794 is read together with the Federal Regulation that inspired, if not sired, our statute, it becomes crystal clear that the Legislature was seeking to extend to the people of this State the same temporary economic protection it felt the Federal Government should have continued to afford. It is equally crystalline that the word "unit" as used in ch. 794 has exactly the same meaning that it had in 6 C.F.R. pt. 301 (1973). Accordingly, we hold that ch. 794 (Md. Ann. Code Art. 53, § 45) proscribed an increase in the rental fee sought to be charged by the appellant to the appellees

---

4. Public Law 92-210, the "Economic Stabilization Act Amendments of 1971", approved by the President December 22, 1971. The Act contains a "self destruct" provision. § 218 states "The authority [of the President] to issue and enforce orders and regulations under this title expires at midnight April 30, 1973 . . . ."

insofar as the increase exceeds five percent (5%) of the rent, for mobile home lots, in effect on January 11, 1973, subject, however, to the additional allowable charges that may be imposed pursuant to the provisions of ch. 794, § 45 (B).[5]

We observe that the constitutionality of ch. 794 is not before us, and we express no opinion thereon.

*Judgment affirmed.*
*Costs to be paid by appellant.*

---

5. In determining legislative intent we may consider subsequent action by the Legislature in regard to a particular statute. Demory Brothers Inc. v. Board of Public Works, *supra.* The 1974 session of the General Assembly adopted by ch. 12 thereof a recodification of the Real Property Law of this State. The article of the code concerned with Real Property is now styled "Md. Code, Real Property Article." The Real Property Article, which contains various effective dates, was signed into law by Governor Mandel on February 19, 1974. An amendment was offered to Laws of 1974, ch. 12. The amendment, designated as House Bill No. 719, is now an enrolled bill (*i.e.*, one that has passed both houses of the Legislature and is awaiting gubernatorial action). House Bill No. 719 would add a new section, to be known as § 8-209, to the Real Property Article. § 8-209 is substantially the same as the present Md. Ann. Code Art. 53, § 45. It does, however, define a "unit" as "an apartment, townhouse, house, mobile home or mobile home lot." Charles, Dorchester and Worcester counties would be exempt from the provisions of § 8-209.