Dear Honorable David R. Craig
You have asked whether a municipal corporation may annex land located in an adjacent county.
Although this issue is not expressly addressed in the State's municipal annexation statute, it can reasonably be inferred that this statute permits municipal corporations to annex land in an adjacent county so long as other requirements of the law are satisfied.
 I Background
You have advised us of the following facts: The City of Havre de Grace is considering annexing an uninhabited island in the Susquehanna River. The island, which is not currently within the boundaries of a municipal corporation, is located in Cecil County. As Havre de Grace is located in Harford County, the question has arisen whether a municipal corporation, such as Havre de Grace, may annex land in an adjacent county.
The City Attorney has advised that the proposed annexation satisfies the statutory requirement that the annexed land be contiguous and adjoining to the existing municipal corporation,[1] and has also concluded that the State's municipal annexation statute authorizes municipal corporations to annex land in adjacent counties. Memorandum of July 30, 2002 to the Honorable David R. Craig, Mayor, from Harold Norton, City Attorney, regarding Garrett Island Annexation.
 II Analysis
A. Municipal Home Rule
Like other municipal corporations, Havre de Grace has home rule status under Article XI-E of the State Constitution, also known as the Municipal Home Rule Article. That Article confers on a municipal corporation the authority to amend or repeal an existing charter or local law relating to the municipal government and its affairs or to adopt a new charter. Article XI-E, § 3. It also limits the power of the General Assembly to legislate with respect to a municipality. Article XI-E, § 1. Essentially, the General Assembly may not pass local laws for particular municipal corporations; with respect to municipal governments and their affairs, the General Assembly may only pass general laws that apply alike to all municipal corporations in the same class.[2] Id.
Exercising this power, the General Assembly has passed a general law that confers on municipal corporations the power to extend their boundaries by annexation and prescribes the manner of exercising that power. Mayor and Council of Rockville v. Brookeville Turnpike Construction Co., 246 Md. 117, 128-29, 228 A.2d 263 (1967). This statute is codified as Annotated Code of Maryland, Article 23A, § 19.
B. Municipal Annexation Law
In relevant part, § 19 provides that every municipal corporation may enlarge its corporate boundaries in accordance with that section. Article 23A, § 19(a). However, the exercise of this power is subject to certain limitations.
The land to be annexed must be contiguous with and adjoin the existing corporate area. Article 23A, § 19(a)(1). Moreover, an annexation cannot result in an unincorporated enclave or include land that is within the boundaries of another municipal corporation. Article 23A, § 19(a)(2) and (m).
Subject to a voter and property owner consent requirement, the annexation process may be initiated by the legislative body of a municipal corporation. Article 23A, § 19(b). Alternatively, the process may be initiated by a petition of voters and property owners from the area to be annexed. Article 23A, § 19(c). Before an annexation resolution, however initiated, becomes effective, it may be petitioned to a referendum in various circumstances. Article 23A, § 19(f), (g), and (h). In one instance, the "county or counties in which the municipality is located" may, by a two-third's vote of its governing body, petition the municipality for a referendum in the area to be annexed. Article 23A, § 19(h) and (j) (emphasis added).
As part of the process of annexation, a municipal corporation is required to prepare an outline of services to be extended to the area to be annexed. Article 23A, § 19(o). A copy of this outline is to be sent to the governing body of the "county or counties in which the municipal corporation is located." Id. (emphasis added). Once an annexation resolution takes effect, it is to be sent to certain officials, including the clerk of the court "in the county or counties in which the municipal corporation is located." Article 23A, § 19(p) (emphasis added).
C. Annexation Across County Line
It is apparent that § 19 confers broad power on municipal corporations to enlarge their boundaries by annexation. Although the exercise of this power is subject to certain express limitations, there is no express limitation on annexing land in an adjacent county. Moreover, the references in § 19 to the "county or counties in which the municipality is located" clearly recognize that a municipal corporation may be located in more than one county. With the adoption of the Municipal Home Rule Article in 1954, the General Assembly lost the power to enact a local law amending a municipal charter to alter the boundaries of a particular municipal corporation. Hitchins v. City of Cumberland, 208 Md. 134, 143, 117 A.2d 854 (1955); 72 Opinions of the Attorney General 176, 178 (1987). Accordingly, any expansion of the boundaries of a municipal corporation into another county can occur only through annexation. The references to "counties" in the annexation statute thus implicitly recognize the power of municipal corporations to annex land in adjacent counties. Under the Municipal Home Rule Article of the State Constitution, this power is necessarily conferred alike on all municipal corporations. City of Gaithersburg v. Montgomery County,271 Md. 505, 510, 513, 318 A.2d 509 (1974) and Mayor Aldermen ofAnnapolis v. Wimbledon, Inc., 52 Md. App. 256, 267-68, 447 A.2d 509
(1982).
The conclusion that the municipal annexation statute impliedly authorizes municipal corporations to annex land in adjacent counties is also supported by the legislative history of an enactment amending § 19 of Article 23A. Following the adoption of the Municipal Home Rule Article in 1954, the General Assembly enacted implementing legislation, including Article 23A, § 19. Chapter 423, Laws of Maryland 1955. In this original enactment, the General Assembly recognized that a municipal corporation might be located in more than one county in the registration requirement for revised boundaries. Article 23A, § 19(n). The provisions allowing "the county or counties" to petition for a referendum and requiring an annexing municipal corporation to provide a copy of an outline of the extension of services to the "county or counties" were enacted in 1975. Chapter 693, Laws of Maryland 1975. This amendment was the result of deliberations by representatives of the Maryland Municipal League and the Maryland Association of Counties. The purpose of the legislation was to enhance the role of the counties without abandoning the policy against a county-wide referendum or county government approval requirement. See undated statement of Maryland Municipal League on HB 534 (1975) and letter from Edward L. Sealover, Assistant Executive Director of Maryland Association of Counties, to Senate Constitutional and Public Law Committee on House Bill 534 (April 4, 1975).[3] That policy is still reflected in the annexation statute.
Moreover, allowing a municipal corporation to annex land in an adjacent county is consistent with the policy.[4]
Further evidence that § 19 allows municipal corporations to annex land located in an adjacent county is found in a 1994 enactment of the General Assembly.[5] This uncodified statute provided for altering the boundary between Montgomery and Prince George's County so that Takoma Park would be located in one county rather than two. Chapter 636, § 1, Laws of Maryland 1994. The determination whether Takoma Park would be entirely within Montgomery or Prince George's County was subject to a referendum. Id., § 2. If the boundary was altered to place Takoma Park wholly within Montgomery County, that law provided that land in the Prince George's County could no longer be annexed by a municipal corporation not wholly within that county. Id., § 4(7). The law included a similar limitation with respect to municipal annexation of land within Montgomery County, if Takoma Park's boundary were altered to place it in Prince George's County. Id., § 5(7). These provisos are clearly premised on an understanding that, in the absence of such a proviso, a municipal corporation could annex land in adjacent counties under Article 23A, § 19.[6]
 III Conclusion
In our opinion, the general annexation law impliedly permits a municipal corporation to annex land in an adjacent county.
J. Joseph Curran, Jr. Attorney General
Richard E. Israel Assistant Attorney General
Robert N. McDonald Chief Counsel
 Opinions and Advice
[1] We have not been asked for an opinion on those issues and express none. Cf. 82 Opinions of the Attorney General ___ (1997) [Opinion No. 97-05 (February 13, 1997)].
[2] There is only one class for municipal corporations. Annotated Code of Maryland, Article 23A, § 10.
[3] In ascertaining the intent of the General Assembly, the statements of witnesses may indirectly reflect legislative intent by identifying issues the General Assembly sought to address. Anne Arundel County v. City of Annapolis, 352 Md. 117, 128 n. 4, 721 A.2d 217 (1998). Where the General Assembly has clearly accepted the work of representatives of public parties, the relevance of such statements in determining legislative intent is particularly compelling.
[4] In the same session, the General Assembly enacted legislation granting Anne Arundel County the power to register its disapproval of an annexation resolution and require that the resolution be submitted to a county-wide referendum. Chapter 781, Laws of Maryland 1975. Although this clearly represented a departure from a policy against a county referendum or veto, a preamble implicitly recognized this policy in referring to the "particular circumstances prevailing in said County." Subsequently, this statute was held to violate the uniformity requirement of Article XI-E, § 1 for municipal legislation. City of Annapolis v. Wimbledon, Inc.,52 Md. App. 256, 267-68, 447 A.2d 509 (1982).
[5] In ascertaining the intent of a statute, a court may consider subsequent, related enactments. See Glazer v. Fitzgerald, 21 Md. App. 447,453 n. 5, 319 A.2d 854 (1974), cert. denied, 272 Md. 741 (1974).
[6] In prior advice concerning the division of Takoma Park between two counties, this Office concluded that § 19 authorizes municipal corporations to annex land in an adjacent county. See Letter from Assistant Attorney General Kathryn M. Rowe to Delegate Dana Lee Dembrow (January 29, 1991). That letter also advised that a law that prohibited Takoma Park alone from exercising this power would violate the uniformity requirement for municipal legislation which is prescribed by the Municipal Home Rule Article. Maryland Constitution, Article XI-E, § 1.
 *Page 167